**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AHMAD SHARIAT, Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-11-1001-D |
| ) | |
| FRACTIONAL RESEARCH, INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is the Plaintiff's Motion to Remand [Doc. No. 13], arguing that the Court lacks subject matter jurisdiction over this action. Defendant has not filed a response to the Motion, and the deadline for responding has expired. For the reasons set forth herein, the Motion is GRANTED.

This action was removed from the District Court of Payne County, Oklahoma on September 9, 2011. *See* Notice of Removal [Doc. No. 1]. In the Notice of Removal, Defendant states that federal jurisdiction is based on 28 U. S. C. § 1331, arguing Plaintiff asserts claims based on Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e *et seq.* ("Title VII"). Defendant also alleges that Plaintiff asserts a claim based on the Age Discrimination in Employment Act, 29 U. S. C. § 621 *et seq.* ("ADEA"). Accordingly, Defendant contends this Court has subject matter jurisdiction based on the existence of a federal question.

Plaintiff's motion to remand argues that, contrary to Defendant's contentions, he does not assert claims arising under federal law. Instead, he argues that he seeks recovery based on the Oklahoma Anti-Discrimination Act ("OADA"), tit. 25 Okla. Stat. § 1101 *et seq.* and Oklahoma common law tort claims pursuant to *Burk v. K-Mart Corporation*, 770 P. 2d 24 (Okla. 1989). Plaintiff states his claims assert that his employment was terminated in violation of Oklahoma's

Discrimination in Employment Act, tit. 25 Okla. Stat. § 1302, because he was terminated due to his age. He further contends his termination violated Oklahoma public policy and is actionable under *Burk.* Plaintiff argues that, contrary to Defendant's allegations in the Notice of Removal, he does not assert any claim based on federal law. Accordingly, he contends this Court lacks subject matter jurisdiction because no federal question is presented.

Plaintiff's motion to remand was filed on September 20, 2011.[1] Defendant's response deadline expired 21 days thereafter. LCvR 7.1(g). Although more than 30 days have elapsed since the motion to remand was filed, Defendant has not yet filed a response or sought an extension of time in which to do so. Accordingly, pursuant to the Local Civil Rules of this Court, the motion to remand may be deemed confessed. *Id.*

Even if Defendant had responded to the motion, however, the Court finds that remand must be ordered because no federal question is raised, and no other basis for federal court jurisdiction is asserted. Contrary to Defendant's argument in the Notice of Removal, Plaintiff does not allege in the Petition that he seeks relief pursuant to Title VII or the ADEA. In fact, the Petition does not cite either of these federal laws or refer to either statutory scheme. Although the Petition at paragraph 28 recites that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter, that statement is followed by Plaintiff's allegation that he believes Defendant employs more than 15, but fewer than 20, employees.[2] He then

---

[1] Pursuant to 28 U. S. C. § 1447(c), a motion to remand based on any defect other than lack of subject matter jurisdiction must be filed within 30 days after the filing of the notice of removal, and Plaintiff's motion was filed within that time period. However, Plaintiff's motion is not governed by that deadline because the statute requires remand "at any time before final judgment" if the Court finds it lacks subject matter jurisdiction. 28 U. S. C. § 1447(c). Plaintiff's only stated basis for remand is the absence of subject matter jurisdiction.

[2] Pursuant to Title VII, liability is imposed on employers having 15 or more employees. 42 U. S. C. § 2000e(b). However, the ADEA applies only to those having 20 or more employees. 29 U. S. C. § 630(b). As a general rule, these minimum requirements are jurisdictional. *See McIntire v. Bowen Leavitt Ins. Agency, Inc.,* 1996 WL 700034, at *1 (10th

alleges, "[a]ccordingly, Plaintiff brings this action pursuant to 25 O.S. § 1101, *et seq.* and under the *Burk* tort doctrine." Petition at ¶ 28. There are no other references to federal law, and only state law statutes or common law decisions are referenced in the Petition.

Defendant's Notice of Removal cites no authority suggesting that the filing of an EEOC charge means that Plaintiff *must* pursue a federal claim, notwithstanding the availability of state law remedies for his age discrimination claim. Plaintiff expressly denies that he intends to rely on federal law, and the Petition suggests that Defendant may not employ the minimum number of individuals to satisfy the ADEA. Thus, plaintiff chose to rely on state law, rather than the ADEA, in support of his claims. Defendant offers no argument or authority suggesting that he cannot do so.

For the foregoing reasons, the Court concludes that the motion to remand [Doc. No. 13] must be GRANTED. This action shall be remanded to the District Court of Payne County, Oklahoma. The Court Clerk is directed to take all actions necessary to effectuate the remand.

IT IS SO ORDERED this 28th day of October, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

Cir. Dec. 5, 1996) (unpublished opinion).